COMMONWEALTH of Pennsylvania,
Appellant,

v.

W. Christopher CONRAD, Appellee.

Superior Court of Pennsylvania.

Submitted Sept. 19, 2005.

Filed Jan. 23, 2006.

Michael F.J. Piecuch, Assistant District Attorney, Harrisburg, for Commonwealth, appellant.

Patrick J. Thomassey, Monroeville, for appellee.

Before: JOYCE, McCAFFERY and MONTEMURO *, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 The Commonwealth of Pennsylvania appeals from an order which granted a motion to suppress the warrantless arrest of Appellee, W. Christopher Conrad, and all evidence obtained as a result of thereof.[1] The Commonwealth contends that the suppression court erred in concluding that the Commonwealth had not demonstrated an adequate basis to justify the stop of the vehicle which Appellee had been operating. Appellee was charged with driving under the influence,[2] a misdemeanor of the second degree, and two summary offenses, registration and certificate of title re-

quired,[3] and operation of vehicle without an official certificate of inspection.[4] Upon review, we reverse and remand.

¶ 2 The following eleven (11) findings of fact were made by the suppression court after it conducted an evidentiary hearing at which only the arresting officer testified:

1. On November 13, 2003, Officer Brian McGuire responded to 205 Deer Meadow Drive [Pittsburgh] where he took a report from Christie Conrad, wife of [Appellee].

2. The report of Officer McGuire...indicated, "domestic—no arrest" along with other indications that [Appellee], Christopher Conrad, became upset when his wife would not allow him to enter the residence.

3. Within less than an hour, Mr. Conrad was stopped 150 yards from his residence.

4. [Appellee's] automobile was stopped at [the] intersection of Truxton and Deer Meadow.

5. The officers effectuated the stop by blocking the street. Officer McGuire indicated that he had blocked the [Appellee's] automobile from moving without observing any motor vehicle violations.

6. There were no motor vehicle violations listed in the affidavit of probable cause as the reason for the stop.

7. Credible testimony was that at that time of the day it was dark outside.

---

* Retired Justice assigned to the Superior Court; did not participate in this decision.

1. The Commonwealth has certified in good faith that the order granting suppression terminated or substantially handicaps the prosecution, and, accordingly, this appeal is properly before us. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985).

2. 75 Pa.C.S.A. § 3731 (now § 3802).

3. 75 Pa.C.S.A. § 1301(a).

4. 75 Pa.C.S.A. § 4703.

8. Officer McGuire was unable to see whether or not the inspection sticker was valid.

9. Officer McGuire did not follow the vehicle for any period of time and was unable to make any assessment as to whether or not the vehicle was driven in an erratic manner, crossed any center lines, or did any other action that would have violated the [M]otor [V]ehicle [C]ode in any fashion.

10. The affidavit of probable cause also was silent as to any reports of motor vehicle violations that had been provided to the Officer.

11. After [Appellee's] vehicle was stopped, [Appellee] was arrested for Driving Under the Influence of Alcohol.

(Trial Court Opinion and Order, dated February 24, 2005, at 1–2).

¶ 3 Our review of the record reveals further that the Commonwealth's uncontradicted evidence established that Appellee's wife told Officer McGuire that Appellee had left the house after threatening to commit suicide and that Appellee was driving a vehicle that was neither registered nor inspected. (Notes of Testimony ("N.T."), 11/10/04, at 5). Appellee's wife also told Officer McGuire that she believed that Appellee had been drinking. (*Id.* at 6, 24–25). Lastly, we note that finding of fact number six is not supported by the record in that the affidavit of probable cause does state that Appellee was stopped for expired registration and expired inspection. (*See* Affidavit of Probable Cause, 11/17/03). On February 24, 2005, the suppression court granted Appellee's motion to suppress the arrest and any fruits of the arrest. The Commonwealth pursued this timely appeal in which it raises the following question for our review:

DID THE LOWER COURT ERR BY GRANTING CONRAD'S MOTION TO SUPPRESS EVIDENCE OF DUI BASED ON LACK OF SUFFICIENT JUSTIFICATION TO STOP CONRAD'S CAR?

¶ 4 We review an order granting a motion to suppress pursuant to the following well-established principles:

[W]hen an appellate court reviews the ruling of a suppression court, we consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. We must first ascertain whether the record supports the factual findings of the suppression court, and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. The suppression court's factual findings are binding on us and we may reverse only if the legal conclusions drawn therefrom are erroneous.

*Commonwealth v. Rosas,* 875 A.2d 341, 346 (Pa.Super.2005) (citations and quotations omitted). We note that Appellee presented no evidence, and the suppression court made its findings of fact based solely upon the Commonwealth's evidence. We conclude that the suppression court erred in finding that Officer McGuire possessed insufficient information to form a reasonable suspicion that Appellee was involved in criminal conduct.[5]

---

**5.** We note that the suppression court states in its Rule 1925(a) opinion that the statement of matters complained of on appeal filed by the Commonwealth provided no information as to the basis of the appeal. We have reviewed the Commonwealth's statement and find it to succinctly state its challenge to the suppression court's granting the motion to suppress based on lack of sufficient justification to conduct a vehicle stop.

¶ 5 Our review of a challenge to an investigative stop is governed by the following:

> A police officer may detain an individual in order to conduct an investigation if that officer reasonably suspects that the individual is engaging in criminal conduct. *Commonwealth v. Cook*, 558 Pa. 50, 735 A.2d 673, 676 (1999). "This standard, less stringent than probable cause, is commonly known as reasonable suspicion." *Id.* In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. *In re D.M.*, 566 Pa. 445, 781 A.2d 1161, 1163 (2001). In making this determination, we must give "due weight … to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." *Cook*, 735 A.2d at 676 (quoting *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "even a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Cook*, 735 A.2d at 676.

*Commonwealth v. Rogers*, 578 Pa. 127, 134, 849 A.2d 1185, 1189 (2004).

¶ 6 In the instant matter, Officer McGuire was responding to a police dispatch regarding a domestic dispute in progress. He was told by Appellee's wife that when she refused to allow Appellee to enter the residence, Appellee became upset and threatened to commit suicide. In addition, Appellee had been drinking. Appellee's wife told Officer McGuire that after Appellee made the threats to do himself harm, he left the residence in a vehicle. Based upon these facts, Officer McGuire could have formed the reasonable suspicion that the operator of the vehicle was in a state of extreme emotional agitation and was driving after having been drinking. These facts *would* support a reasonable suspicion that criminal activity was afoot, in that Appellee was incapable of safe driving in violation of the statutory prohibition against drunk driving.[6] Therefore, Officer McGuire acted properly in detaining Appellant for further investigation.[7]

¶ 7 Based upon the foregoing reasons, we opine that the suppression court committed error in granting the motion to suppress. Accordingly, we reverse and remand for further proceedings.

¶ 8 Order reversed. Case remanded. Jurisdiction relinquished.

---

**6.** 75 Pa.C.S.A. § 3731 (now § 3802). We note that at the time of Appellee's arrest, the statute authorized a police officer to make a warrantless arrest where he or she had probable cause to believe a violation of the statute had occurred, whether or not the alleged violation had been committed in the presence of the officer. 75 Pa.C.S.A. § 3731(c) (since repealed).

**7.** Although the additional information that the vehicle was not registered or inspected could be viewed as providing an additional basis upon which Officer McGuire could legitimately have effectuated the stop of Appellee's vehicle, we infer from the suppression court's findings of fact that it did not believe that Officer McGuire possessed sufficient information concerning the lack of registration and inspection at the time he made the stop.