J-S15022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| v. : | |
| MICHAEL ELLIOTT YOUNG, : | |
| Appellant : | No. 1782 EDA 2017 |

Appeal from the Judgment of Sentence May 3, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0003034-2016

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JULY 18, 2018**

Appellant, Michael Elliott Young, appeals from the Judgment of Sentence entered by the Delaware County Court of Common Pleas following his conviction after a jury trial of Persons Not to Possess Firearms.[1] We affirm on the basis of the trial court's November 13, 2017 Opinion.

In its Pa.R.A.P. 1925(a) Opinion, the trial court set forth the underlying facts. *See* Trial Court Opinion, filed 11/13/17, at 1-3, 10-11, 16-21. Briefly, on March 10, 2016, Detective Kenneth Bellis traveled with other officers to Appellant's suspected place of employment, a McDonald's restaurant in Brookhaven, Pennsylvania, to execute an arrest warrant and apprehend Appellant for Megan's Law violations. A manager permitted the officers entry

_____

[1] 18 Pa.C.S. § 6105.

into the restaurant and Detective Bellis arrested Appellant, who was standing five feet from the door.

After patting down Appellant, Detective Bellis asked Appellant if he had a jacket or any other personal belongings. After initially responding that he had a hoodie, Appellant "very quickly volunteered to the contrary that he had with him no personal effects." Trial Court Opinion at 10. Appellant repeated this claim as Detective Bellis escorted Appellant to his police vehicle. Detective Bellis returned to the restaurant and, with the manager's assistance, found in a nearby booth a hoodie and a backpack containing a loaded H&R Model 733 .32-caliber revolver.

The Commonwealth charged Appellant with, *inter alia*, the above offense. On June 30, 2016, Appellant filed a Motion to Suppress the physical evidence, including the firearm. Following a suppression hearing, the court denied Appellant's Motion to Suppress.

Appellant proceeded to a jury trial, at which Detective Bellis and McDonald's Manager Melissa McCullough testified; Appellant also testified. At trial, Appellant objected to evidence that he is a felon and ineligible to possess a firearm due to a prior Rape of a Child conviction because it was unduly prejudicial. Instead, Appellant offered to stipulate generally that he is a felon and ineligible to possess a firearm due to a prior conviction.

The trial court agreed to preclude any mention at trial that Appellant's prior Rape conviction involved a child, but would not require the

Commonwealth to accept Appellant's more general stipulation to his status as a felon ineligible to possess a firearm. As a result, the parties subsequently agreed to stipulate to Appellant's prior Rape conviction. The trial court added a special *voir dire* question addressing this point with jurors, and provided several cautionary jury instructions addressing this stipulation.

On March 16, 2017, a jury convicted Appellant of Persons Not to Possess Firearms. On May 3, 2017, the trial court sentenced Appellant to a term of five to ten years' incarceration.

On June 2, 2017, Appellant filed a Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1) Whether the lower court erred in refusing to suppress the fruits of the unlawful warrantless search of Appellant's bag, which was conducted without probable cause or reasonable suspicion, and in violation of the rights guaranteed to him by Article 1, Section 8 of the Pennsylvania Constitution and the Fourth and Fourteenth Amendments of the United States Constitution?

2) Whether the lower court erred in permitting the government to introduce evidence of a specific conviction (rape) to establish that Appellant was prohibited from possessing firearms since the probative value of that evidence was outweighed by a danger of unfair prejudice, especially in light of his offer to stipulate to his general status as a prohibited person?

Appellant's Brief at 5.

**Motion to Suppress**

In reviewing the denial of a Motion to Suppress, we are limited to considering only the Commonwealth's evidence and "so much of the evidence

for the defense as remains uncontradicted when read in the context of the record as a whole." ***Commonwealth v. McCoy***, 154 A.3d 813, 815-16 (Pa. Super. 2017). Where the testimony and other evidence supports the suppression court's findings of fact, we are bound by them and "may reverse only if the court erred in reaching its legal conclusions based upon the facts." ***Id.*** at 816. It is within the exclusive province of the suppression court to "pass on the credibility of witnesses and determine the weight to be given to their testimony." ***Id.*** This Court will not disturb a suppression court's credibility determination absent a clear and manifest error. ***Commonwealth v. Camacho***, 625 A.2d 1242, 1245 (Pa. Super. 1993).

"A defendant moving to suppress evidence has the preliminary burden of establishing standing and a legitimate expectation of privacy." ***Commonwealth v. Powell***, 994 A.2d 1096, 1103 (Pa. Super. 2010) (citation omitted). "Whether a defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion." ***Id.*** (citation omitted).

Ordinarily, "a defendant charged with a possessory offense has automatic standing to challenge a search." ***Commonwealth v. Burton***, 973 A.2d 428, 435 (Pa. Super. 2009) (*en banc*) (citation omitted). A defendant has no standing to contest the search and seizure of items that he has voluntarily abandoned or relinquished because he has no privacy expectation in the property. ***Commonwealth v. Byrd***, 987 A.2d 786, 790 (Pa. Super.

2009) (citations omitted). In determining whether a defendant has abandoned property, we look to the defendant's intent and consider all relevant circumstances at the time of the alleged abandonment. *Id.* If the abandonment is coerced by unlawful police action, then the state-based constitutional principle of forced abandonment forbids using the property for evidentiary purposes. *Id.* at 791.

The Honorable Kevin F. Kelly, sitting as the trial court, has authored a comprehensive, thorough, and well-reasoned Opinion, citing the record and relevant case law in addressing Appellant's suppression claim. We, thus, affirm on the basis of the trial court's November 13, 2017 Opinion. *See* Trial Court Opinion, 11/13/17, at 3-13 (concluding that Appellant "failed to establish [a] legitimate expectation of privacy" because he abandoned the bag and the abandonment was not coerced by unlawful police action).

### Stipulation to Prior Conviction

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa. Super. 2013) (citations and internal quotations omitted).

Relevance is the threshold for admissibility of evidence. ***Commonwealth v. Cook***, 952 A.2d 594, 612 (Pa. 2008). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Pa.R.E. 401; ***Commonwealth v. Drumheller***, 808 A.2d 893, 904 (Pa. 2002). "Evidence that is not relevant is not admissible." Pa.R.E. 402. In addition, "[t]he court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403. ***See also*** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 401.06 *et seq.*, § 403.06 *et seq.* (2017 ed. LexisNexis Matthew Bender).

A prior conviction of a certain enumerated offense is an essential element of the crime of Persons Not to Possess Firearms under Section 6105. ***Commonwealth v. Jemison***, 98 A.3d 1254, 1261 (Pa. 2014). The defendant can offer to stipulate that his prior conviction disqualified him from possessing a firearm under Section 6105. ***Id.*** The Commonwealth, however, is under no obligation to agree to the defendant's stipulation. ***Id.***

The Commonwealth can have the specific nature of the defendant's prior conviction admitted into evidence, over Appellant's objection, to establish the prior-conviction element of Section 6105. **Id.** The defendant is not subject to *per se* unfair prejudice simply because the Commonwealth presents

evidence of the specific offense to establish the prior-conviction element of Section 6105. **Id.** Any unfair prejudice depends on the facts and circumstances of the particular case. **Id.**

After a thorough review of the certified record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the trial court, we conclude that there is no merit to Appellant's evidentiary claim on appeal. Accordingly, we affirm on the basis of the trial court's Opinion. **See** Trial Court Opinion at 13-23 (holding that: (1) **Jemison** constituted binding precedent[2] and it could not force the Commonwealth to enter into a stipulation; (2) the trial court appropriately permitted the parties' stipulation informing the jury that Appellant had a prior Rape conviction, but not that it

---

[2] While we agree that **Jemison** controls the outcome of this case and we must affirm the trial court's decision to permit the Commonwealth to notify the jury that Appellant has a prior conviction for a rape, we find the application of **Jemison** to this case troubling. **Jemison** involved a prior robbery conviction while this case involves a prior conviction for a rape, a conviction that has a greater chance of inflaming a jury. The Supreme Court's holding in **Jemison** precludes the trial court from balancing the relevancy of the type of crime with the inflammatory nature of the prior conviction. Since the statutory language of Section 6105 involves only the *existence* of a prior conviction for one of the enumerated crimes, we suggest that the Pennsylvania Supreme Court revisit **Jemison** and consider whether the trial court should balance the relevancy of the type of crime with the potential that the prior conviction will inflame the prejudices of the jury.

involved a child; and (3) the trial court's cautionary instructions detailing the limited purpose of this evidence prevented any unfair prejudice).[3]

The parties are instructed to attach a copy of the trial court's November 13, 2017 Opinion to all future filings.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/18

---

[3] We reiterate that, in similar circumstances where a defendant faces a jury trial for a Section 6105 offense with potentially prejudicial prior convictions legally permitted to be admitted into evidence, "there is a strong rationale for allowing a bifurcated presentation and deliberation to avoid prejudice, which might ultimately conserve judicial resources." ***Commonwealth v. Jones***, No. 515 MDA 2016 (Pa. Super. filed May 24, 2017) (unpublished memorandum) (concurring statement by Judge Lazarus noting that, "Bifurcation would allow a jury to deliberate on the possession element, without the taint of evidence of a prior conviction, and end the matter if the jury found no possession -- preserving judicial resources, while avoiding potential prejudice to a defendant resulting from the introduction of a defendant's prior conviction.").

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
### CRIMINAL

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | NO. 3034-16 |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ELLIOTT YOUNG | : | Superior Court No. 1782 EDA 2017 |

**A. Sheldon Kovach, Esquire – Deputy District Attorney for the Commonwealth**
**Steven M. Papi, Esquire – Attorney for Michael Elliott Young**

### OPINION

J. Kelly                                                    Date: November 13, 2017

### *I. Case History*

A criminal complaint was filed on March 10, 2016, by Detective Kenneth Bellis, Delaware County Criminal Investigative Division, charging Michael Elliott Young (hereinafter referred to as "Young" and/or "Defendant") with, *inter alia*, person not to possess ... firearms.[1]

A preliminary hearing was held on May 17, 2016, before the magisterial district court and after the Commonwealth's presentation of evidence, the magisterial district judge held Defendant Young for trial court proceedings as to all prosecuted offenses, including person not to possess ... firearms.[2]

Before the trial court on June 15, 2016, the Defendant was formally arraigned at which time the Office of the District Attorney of Delaware County lodged against him a Criminal Information averring, *inter alia*, Count 1 - Person Not to Possess ... Firearms.[3]

---

[1] 18 Pa.C.S. §6105.
[2] *Id.*
[3] *Id.*

Defendant Young on June 30, 2016, lodged a Motion to Suppress Evidence. *See* Motion to Suppress Evidence. Originally, a hearing regarding the exclusionary pleading was set for August 1, 2016; however, on that date (August 1, 2016), the suppression hearing was rescheduled, absent objection, to August 30, 2016. *See* Hearing Notice dated July 1, 2016. Without defense opposition, the exclusionary proceeding at the Commonwealth's request was continued at this listing (August 30, 2016) to September 7, 2016. The suppression hearing as then scheduled commenced and concluded on September 7, 2016, before this court. N.T. 9/7/16. The court by an order dated September 30, 2016, denied the Defendant's exclusionary claim. *See* Order dated September 30, 2016.

A jury trial began on March 15, 2017,[4] and ended the following day, March 16, 2017.[5] The jury as to the sole prosecuted charge Count 1 – Person Not to Possess ... Firearms,[6] found Defendant Young guilty. *See* Jury's Verdict. *See generally* N.T. 3/15/17 and 3/16/17.

A sentencing hearing was held on May 3, 2017. N.T. 5/3/17. Defendant Young consistent with his Pennsylvania sentencing guidelines' standard range was sentenced per count

---

[4] Subsequent to the denial of Defendant Young's suppression motion (September 30, 2016), the defense for various reasons continued the next four (4) trial listings. *See* Motion to Suppress Evidence and Order dated September 30, 2016.

[5] Although the prosecution by such a filing lodged at the Defendant's formal arraignment gave notice of its intent to try the above-captioned matter collectively with Defendant Young's case under docket No. 3035-16, it opted to first proceed to trial only in the instant case (No. 3034-16), absent defense opposition. *See* Notices of Proposed Joinder Under Pa. Rule of Criminal Procedure Rule 582, Nos. 3034-16 and 3035-16. *See also* 3/15/17, pp. 3-4 and *Commonwealth v. Young*, No. 3035-16 – Delaware County. *See generally* Pa.R.Crim.P. 582. (Just prior to the Defendant's sentencing at bar (No. 3034-16), he also entered a counseled, negotiated plea of *nolo contendere* in docket No. 3035-16 to that Criminal Information's Count 1 - Failure to Comply With Registration Requirements, 18 Pa.C.S. §4915.1, and the prosecution moved as part of the plea negotiations to dismiss the balance of the remaining counts which the court allowed, without defense objection. *See* Defendant's *Nolo Contendere* Plea Statement and Criminal Information, No. 3035-16. Per the attorneys' plea agreement, no further penalty was imposed. N.T. 5/3/17, pp. 3-8. *See also* Certificate of Imposition of Judgment of Sentence, No. 3035-16.).

Absent defense opposition, the Commonwealth during the of-record *voir dire* conference held just before the trial's start withdrew all other counts of its past filed criminal information at bar, except count 1 – person not to possess ... firearms, 18 Pa.C.S. §6105. N.T. 3/15/17, pp. 3-4. *See also* Criminal Information.

[6] 18 Pa.C.S. §6105.

2

1 (person not to possess ... firearms)[7] to a term of five (5) to ten (10) years imprisonment at a state correctional facility. *See* Defendant's Pennsylvania Sentencing Guidelines. The Defendant was afforded the applicable time served credit and without defense objection deemed for risk recidivism reduction consideration ineligible.[8] N.T. 5/3/17, pp. 13-14. *See also* Certificate of Imposition of Judgment of Sentence.

Defendant Young timely lodged on June 2, 2017, a counseled Notice of Appeal to the Pennsylvania Superior Court. *See* Notice of Appeal dated June 2, 2017. *See also* Superior Court No. 1782 EDA 2017. The court via an order dated June 5, 2017, directed the Defendant's attorney to file of-record a concise statement of matters complained of on appeal. *See* Order dated June 5, 2017. *See also* Pa.R.A.P. 1925(b).

On June 19, 2017, Defendant Young's attorney lodged a petition for an extension of time to file an appellate complaints statement. *See* Extension Petition dated June 19, 2017.

The court in an order dated June 20, 2017, granted this defense extension application. *See* Order dated June 20, 2017.

On July 3, 2017, the Defendant lodged a matters complained of statement advancing the two (2) error assignments discussed below. *See* Statement of Matters Complained dated July 3, 2017.

## *II. Discussion*

### *A. The court erred in refusing to suppress the fruits (including the firearm) of the unlawful search of Mr. Young's bag, which was conducted without a warrant, without probable cause or reasonable suspicion, and in violation of Article 1, Section 8 of the Pennsylvania Constitution and the Fourth and Fourteenth Amendments of the United States Constitution.*

Defendant Young through his first complaint on appeal maintains this court erred in refusing to exclude from the prosecution's trial usage the contents of a backpack recovered by

---

[7] *Id.*
[8] 61 Pa.C.S. §§4501 *et seq.*

3

investigators shortly subsequent to his arrest and found to contain, *inter alia*, an H & R Model 733, .32 caliber revolver. *See* Statement of Matters Complained, No. 1. *See also* Commonwealth Exhibit C-16 – Revolver. More specifically, the Defendant argues that because the seizure and search of this knapsack were not undertaken pursuant to a search warrant and/or otherwise supported by salient probable cause, or even a reasonable suspicion, such police actions were violative of applicable constitutional protections and the items involved law enforcement personnel found in this bag, including the firearm (Commonwealth Exhibit C-16 – Revolver), should have been suppressed. As a review of the relevant case record reveals Defendant Young freely abandoned this backpack prior to detectives recovering and searching it, neither a search warrant nor probable cause were necessary precursors to this disputed police conduct. Having relinquished any privacy interest he may have enjoyed regarding the knapsack, Defendant Young cannot prevail on an exclusionary motion targeting this bag's contents. This error assignment is without merit.

The review standard on appeal applicable to a trial court's denial of a suppression claim is well-settled and as described per the Superior Court that below:

> [W]hen an appellate court reviews the ruling of a suppression court, we consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. We must first ascertain whether the record supports the factual findings of the suppression court, and then determine the reasonableness of the inferences and legal conclusions drawn therefrom. The suppression court's factual findings are binding on us and we may reverse only if the legal conclusions drawn therefrom are erroneous.

*Commonwealth v. Conrad*, 892 A.2d 826, 828 (Pa.Super. 2006) *quoting Commonwealth v. Rosas*, 875 A.2d 341, 346 (Pa.Super. 2005). *See also Commonwealth v. El*, 933 A.2d 657, 660 (Pa.Super. 2007) *quoting Commonwealth v. Nobalez*, 805 A.2d 598, 600 (Pa.Super. 2002), *appeal denied*, 575 Pa. 692, 835 A.2d 709 (2003); *Commonwealth v. Cook*, 865 A.2d 869, 873 (Pa.Super. 2004) *citing Commonwealth v. Ayala*, 791 A.2d 1202, 1207 (Pa.Super. 2002) *citing*

4

*Commonwealth v. Turner*, 772 A.2d 970, 972-73 (Pa.Super. 2001)(*en banc*); and *Commonwealth v. Ryerson*, 817 A.2d 510, 513-14 (Pa.Super. 2003) *quoting Commonwealth v. Johnson*, 734 A.2d 864, 869 (Pa.Super. 1999).

In support of this sought after evidentiary exclusion, the Defendant's lawyer at the hearing's outset advanced alternative grounds. Defense counsel first challenged the involved detective's search of the backpack arguing that in the absence of a judicially approved search warrant the same was unlawful. N.T. 9/7/16, pp. 4-5. *See generally Commonwealth v. Bostick*, 958 A.2d 543, 556 (Pa.Super. 2008) *quoting Commonwealth v. Blair*, 860 A.2d 567, 571 (Pa.Super. 2004) and *Commonwealth v. Key*, 789 A.2d 282, 287 (Pa.Super. 2001); *Commonwealth v. Griffin*, 24 A.3d 1037, 1041 (Pa.Super. 2011) *quoting Commonwealth v. Stewart*, 740 A.2d 712, 715 (Pa.Super. 1999), *affirmed*, 568 Pa. 499, 798 A.2d 697 (2002) and *Commonwealth v. Casanova*, 748 A.2d 207, 211 (Pa.Super. 2000), *appeal denied*, 570 Pa. 682, 808 A.2d 569 (2002); and *Commonwealth v. Johnson*, 68 A.3d 930, 935 (Pa.Super. 2013) *quoting Commonwealth v. Bostick supra* 958 A.2d at 556; *Commonwealth v. Santiago*, 736 A.2d 624, 631 (Pa.Super. 1999) *quoting Commonwealth v. Govens*, 429 Pa.Super. 464, 476-77, 632 A.2d 1316, 1322 (1993)(*en banc*)(" 'The law of search and seizure remains focused on the delicate balance of protecting the right of citizens to be free from unreasonable searches ... protecting the safety of our citizens and police officers by allowing police to make limited intrusions on citizens while investigating crime.' ... It is well established that 'probable cause alone will not support a warrantless search ... unless some exception to the warrant requirement is also present ... .' "); and *Commonwealth v. Whitlock*, 69 A.3d 635, 637 (Pa.Super. 2013)("[A]s a general rule, 'a search warrant is required before police may conduct any search.' T.C.O. at 4 (citing *Commonwealth v. White*, 543 Pa. 45, 669 A.2d 896, 900 (1995)). Absent the application of one of a few clearly delineated exceptions, a warrantless search or seizure is

presumptively unreasonable. *Id.* (citing *Horton v. California,* 496 U.S. 128, 134 n. 4, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). This is the law under both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. *Id.* (citing *Commonwealth v. McCree,* 592 Pa. 238, 924 A.2d 621, 627 (2007)); *see Commonwealth v. Jones,* 605 Pa. 188, 988 A.2d 649, 656 (2010).”). The Defendant's attorney alternatively maintained that assuming the warrantless search of Defendant Young's backpack was otherwise constitutionally permissible, the investigator so acted without requisite probable cause to believe that the knapsack then contained any specified evidence of criminality. N.T. 9/7/16, p. 5. *See generally Commonwealth v. Whitlock supra* 69 A.3d at 637-41 and *Commonwealth v. Perel,* 107 A.3d 185, 194-97 (Pa.Super. 2014). The lawyer for Defendant Young proffered in support of the requested evidentiary suppression no other grounds. N.T. 9/7/16, pp. 4-5. *See generally* Pa.R.Crim.P. 575(A)(2)(c), 578(3), and 581(D).

" 'Once a motion to suppress evidence has been filed, it is the Commonwealth's burden to prove, by a preponderance of the evidence, that the challenged evidence was not obtained in violation of the defendant's rights.' " *Commonwealth v. Evans,* 153 A.3d 323, 327 (Pa.Super. 2016) *quoting Commonwealth v. Wallace,* 42 A.3d 1040, 1047-48 (Pa.Super. 2012)(*en banc*); *Commonwealth v. Wilson,* 927 A.2d 279, 283 (Pa.Super. 2007) *quoting Commonwealth v. Andersen,* 753 A.2d 1289, 1291 (Pa.Super. 2000); and *Commonwealth v. Evans supra* 443 Pa.Super. at 354, 661 A.2d at 882-83 *quoting Commonwealth v. Govens supra* 429 Pa.Super. at 472, 632 A.2d at 1320 and *citing Commonwealth v. DeWitt,* 530 Pa. 299, 301, 608 A.2d 1030, 1031 (1992) and *Commonwealth v. Frombach,* 420 Pa.Super. 498, 500, 617 A.2d 15, 16 (1992). *See also* Pa.R.Crim.P. 581(H).

6

" 'It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.' " *Commonwealth v. Bush*, 166 A.3d 1278, 1282 (Pa.Super. 2017) *quoting Commonwealth v. Gallagher*, 896 A.2d 583, 585 (Pa.Super. 2006). *See also Commonwealth v. Galendez supra* 27 A.3d at 1046 *quoting Commonwealth v. Elmobdy*, 823 A.2d 180, 183 (Pa.Super. 2003).

Standing is the recognition of a legal interest. *Commonwealth v. Peterson*, 535 Pa. 492, 497, 636 A.2d 615, 617 (1993); *Commonwealth v. Millner*, 585 Pa. 237, 255, 888 A.2d 680, 691 (2005). "The concept of standing in a criminal search and seizure context empowers a defendant to assert a constitutional violation and thus seek to exclude or suppress the government's evidence pursuant to the exclusionary rules under the Fourth Amendment of the United States Constitution or Article 1, Section 8 of the Pennsylvania Constitution." *Commonwealth v. Hawkins*, 553 Pa. 76, 80, 718 A.2d 265, 266 (1998) *citing generally Commonwealth v. Price*, 543 Pa. 403, 411-12, 672 A.2d 280, 284 (1996); *Commonwealth v. Peterson supra* 535 Pa. at 497, 636 A.2d at 617; and *Sprague v. Casey*, 520 Pa. 38, 43, 550 A.2d 184, 187 (1988). While as applicable to suppression claims standing traditionally required a defendant to demonstrate a personal interest of a possessory and/or proprietary nature, *Commonwealth v. Hawkins supra* 553 Pa. at 80, 718 A.2d at 267, standing under this Commonwealth's jurisprudence has since been recognized by the Pennsylvania appellate courts a general shorthand reference " ' ... to [a defendant's] right to have the merits of his suppression motion adjudicated without a preliminary showing of ownership or possession in the premises or effects seized.' " *Commonwealth v. Millner supra* 585 Pa. at 255, 888 A.2d at 691 *quoting Commonwealth v. Peterson supra* 535 Pa. at 497, 636 A.2d at 617 *citing Commonwealth v. Sell*, 504 Pa. 46, 470 A.2d 457 (1983).

7

Although yet recognizing the continued vitality of automatic standing under Pennsylvania constitutional principles, *Commonwealth v. Hawkins supra* 553 Pa. at 81, 718 A.2d at 267 *citing Commonwealth v. Sell supra* 504 Pa. at 66-68, 470 A.2d at 468-69; *Commonwealth v. Peterson supra* 535 Pa. at 497, 636 A.2d at 617, a defendant salient to an exclusionary application still has the requisite evidentiary responsibility to establish that the challenged police activity contravened a reasonable and legitimate, personal privacy expectation. *Commonwealth v. Millner supra* 585 Pa. at 256, 888 A.2d at 691; *Commonwealth v. Enimpah*, 630 Pa. 357, 368, 106 A.3d 695, 701 (2014) *citing Commonwealth v. Gordon*, 546 Pa. 65, 71-72, 683 A.2d 253, 256 (1996); and *Commonwealth v. Peterson supra* 535 Pa. at 498, 636 A.2d at 618. To prevail on a suppression claim a defendant must demonstrate " ... a privacy interest which was actual, societally sanctioned as reasonable, and justifiable ... " and resultantly, the disputed law enforcement activity violated his constitutional rights to be secure against unreasonable searches and seizures. *Commonwealth v. Millner supra* 585 Pa. at 256, 888 A.2d at 691 *citing Commonwealth v. Brundidge*, 533 Pa. 167, 170, 620 A.2d 1115, 1118 (1993); *Commonwealth v. Oglialoro*, 525 Pa. 250, 256, 579 A.2d 1288, 1290-91 (1990); *Commonwealth v. Peterson supra* 535 Pa. at 497, 636 A.2d at 617 [Citations omitted].

The legitimate expectation of privacy necessary to a suppression motion's adjudication on the merits mandates that the relevant record reveals both a subjective expectation of privacy and that such a personal belief is objectively viewed by society as reasonable. *Commonwealth v. Hawkins supra* 553 Pa. at 81-82, 718 A.2d at 267-68. Without this requisite personal or subjective privacy expectation coupled with objective societal reasonableness in the place searched and/or the seized effect, a defendant's exclusionary application must fail. *Id.* 553 Pa. at 82, 718 A.2d at 268 *citing generally Commonwealth v. Mickens*, 409 Pa.Super. 266, 597 A.2d

8

1196 (1991); and *Commonwealth v. Bulling*, 331 Pa.Super. 84, 480 A.2d 254 (1984). "Article 1, Section 8, of our state constitution, as well as the Fourth Amendment of the United States Constitution, does not permit a defendant to vicariously assert the privacy rights of others." *Commonwealth v. Powell supra* 994 A.2d at 1107.

"Whether a defendant has a legitimate expectation of privacy in an area subjected to a search by police is a composite test of the defendant's subjective expectation and the objective reasonableness of the expectation … ." *Commonwealth v. Newman supra* 84 A.2d at 1076. " 'Whether [a] defendant has a legitimate expectation of privacy is a component of the merits analysis of the suppression motion … made upon evaluation of the evidence presented by the Commonwealth and the defendant … [, if any].' " *Commonwealth v. Enimpah supra* 630 Pa. at 365, 106 A.3d at 699 *quoting Commonwealth v. Burton supra* 973 A.2d at 435. *See also Commonwealth v. Powell supra* 994 A.2d at 1103-04.

Directly related to the defense establishing the requisite privacy expectation necessary to a suppression pleading's adjudication on its merits, the Supreme Court of Pennsylvania in rejecting a challenge to the propriety of investigators searching a suitcase of which a defendant denied ownership found the following:

> … [T]o prevail on a suppression motion, a defendant must demonstrate a legitimate expectation of privacy in the area searched or effects seized, and such expectation cannot be established where a defendant has meaningfully abdicated his control, ownership or possessory interest. *See Commonwealth v. Hawkins [supra]* 553 Pa. [at 80,] 718 A.2d [at 267]. Significantly, abandonment of a privacy interest is primarily a question of intent and may be inferred from words spoken, acts done, and other objective facts. *See Commonwealth v. Shoatz*, 469 Pa. 545, 553, 366 A.2d 1216, 1220 (1976).

*Commonwealth v. Dowds*, 563 Pa. 377, 388, 761 A.2d 1125, 1131 (2000). *See also Commonwealth v. Smith*, 575 Pa. 203, 218, 836 A.2d 5, 14 (2003) *quoting Commonwealth v.*

9

*Dowds supra* 563 Pa. at 388-89, 761 A.2d at 1131 and *Commonwealth v. Bennett*, 412 Pa.Super. 603, 612, 604 A.2d 276, 280 (1992).

A review of the credible evidence at bar reveals that on March 10, 2016, at approximately 6:00 A.M., Detective Kenneth Bellis,[9] Delaware County Criminal Investigation Division, and other law enforcement authorities arrived at a local fast food restaurant armed with a felony arrest warrant past issued by a magisterial district judge for purposes of apprehending the Defendant pursuant to that warrant. (From his investigation, Detective Bellis had reason to believe this fast food restaurant was Defendant Young's place of employment.) N.T. 9/7/16, pp. 6, 8, 9. After conducting modest surveillance of the activity ongoing within the restaurant, Detective Bellis and his police colleagues approached a customer entryway and were admitted by the manager. N.T. 9/7/16, pp. 9-11. The Defendant was then standing in a public area of the restaurant, some approximate five (5) feet from the door the detective entered. N.T. 9/7/16, pp. 10-12, 20. Detective Bellis advised Defendant Young of the arrest warrant, frisked-searched his person, and placed the Defendant via handcuffs in custody. N.T. 9/7/16, pp. 12-13. The detective just after securing him, while yet in restaurant's patron section, inquired of Defendant Young whether he had with him a jacket or any other personal belongings. N.T. 9/7/16, pp. 13, 21-22. Defendant Young initially replied he had a "hoodie" style sweatshirt; however, he immediately and very quickly volunteered to the contrary that he had with him no personal effects. N.T. 9/7/16, p. 13. When Detective Bellis began to escort the Defendant from the restaurant, Defendant Young seemingly once more offered he had not brought to work any personal items. N.T. 9/7/16, p. 22.

---

[9] Having listened most attentively at the suppression hearing throughout the entirety of Detective Bellis's testimonial appearance, this court found him in all material respects to be a credible witness. N.T. 9/7/16, pp. 6-23. *See Commonwealth v. Bush supra* 155 A.3d at 1282 *quoting Commonwealth v. Gallagher supra* 896 A.2d at 585; and *Commonwealth v. Galendez supra* 27 A.3d at 1046 *quoting Commonwealth v. Elmobdy supra* 823 A.2d at 183.

Once Defendant Young was settled in the police vehicle, Detective Bellis re-entered the restaurant and located about a customer booth in a public area a backpack and in this knapsack's direct proximity, a "hoodie" type sweatshirt. N.T. 9/7/16, pp. 14-15. The detective searched the backpack and found, *inter alia*, a firearm (Commonwealth Exhibit C-16 – Revolver) and believing this bag to be Defendant Young's seized the knapsack, along with its contents. N.T. 9/7/16, pp. 14-15.

Detective Bellis took the Defendant into custody pursuant to a felony arrest warrant previously issued by a reviewing magisterial district judge. The validity of this arrest warrant at bar was not disputed and this court from its review of material record has no reason otherwise to question this arrest warrant's legality. *See Commonwealth v. Young*, No. 3035-16, Arrest Warrant dated February 23, 2016. *See also* N.T. 9/7/16, pp. 4-5. The detective's interactions with Defendant Young on executing this arrest warrant and taking him into custody pursuant to the same were lawful. The Defendant's denial of then being in possession of any personal belongings, including but not limited to the backpack, was not thus the "coerced product of an illegal seizure." *Commonwealth v. Smith supra* 575 Pa. at 218, 836 A.2d at 14. *See also Commonwealth v. Dowds supra* 563 Pa. at 389, 761 A.2d at 1131-32. *See contra Commonwealth v. Bennett supra* 412 Pa.Super. at 625, 604 A.2d at 287 ("Because appellee's abandonment of the duffle bag … was preceded by and resulted from an ***unlawful Terry*** stop initiated by the police, we conclude that the cocaine found in the subsequent search of the duffle bag was properly suppressed by the trial court.")(Emphasis added.).

"Where, as here, an individual's disclaimer of ownership is not the product of improper police conduct and clearly indicates [his] intention, we can perceive no basis for treating it differently than an act from which an intention to abandon may be inferred." *Commonwealth v.*

11

*Dowds supra* 563 Pa. at 389, 761 A.2d at 1131 *citing Commonwealth v. Shoatz supra* 469 Pa. at 554, 366 A.2d at 1220.

Having explicitly denied to Detective Bellis ownership of the backpack in combination with his having left this bag about a customer booth in a patron section of the local fast food restaurant then open to the public, the Defendant has failed to demonstrate the legitimate privacy expectation necessary to his suppression motion's on the merits adjudication. *Id.* 563 Pa. at 388, 761 A.2d at 1131 *citing Commonwealth v. Hawkins supra* 553 Pa. at 80, 718 A.2d at 267. *See also Commonwealth v. Millner supra* 585 Pa. at 256, 888 A.2d at 691 *citing Commonwealth v. Brundidge supra* 533 Pa. at 170, 620 A.2d at 1118; *Commonwealth v. Oglialoro supra* 525 Pa. at 256, 579 A.2d at 1290-91; *Commonwealth v. Newman supra* 84 A.2d at 1076; and *Commonwealth v. Enimpah supra* 630 Pa. at 365, 106 A.3d at 699 *quoting Commonwealth v. Burton supra* 973 A.2d at 435. *See also* N.T. 9/7/16, pp. 9-10, 13, 21-22.

The assertion of Defendant Young on appeal that this court was mistaken in denying his exclusionary motion and allowing the evidentiary admission of the bag's contents at trial, including but not limited to the H & R Model 733, .32 caliber revolver,[10] summarily ignores that on the instant case record he failed to establish the legitimate expectation of privacy requisite to his exclusionary motion's success. N.T. 9/7/16. *See also* Order dated September 30, 2016, pp. 3-4. After having concluded he abandoned the knapsack and there were no attendant law enforcement illegalities, and the Defendant thus freely relinquished that privacy interest in this bag and its contents he may have enjoyed, there was no further need for this court to additionally scrutinize whether Detective Bellis otherwise acted lawfully on seizing and searching the knapsack, absent a judicially approved search warrant and/or without the necessary probable

---

[10] *See* Commonwealth Exhibit C-16 – Revolver.

12

cause. *Commonwealth v. Dowds supra* 563 Pa. at 389, 761 A.2d at 1131 *citing Commonwealth v. Shoatz supra* 469 Pa. at 554, 366 A.2d at 1220.

The record at bar supports this court's findings of fact as well as the related inferences it drew, and the legal conclusions it applied to those credible facts were reasonable. This appellate complaint is meritless. *See Commonwealth v. Conrad supra* 892 A.2d at 828 *quoting Commonwealth v. Rosas supra* 875 A.2d at 346. *See also Commonwealth v. El supra* 933 A.2d at 660 *quoting Commonwealth v. Nobalez supra* 805 A.2d at 600; *Commonwealth v. Cook supra* 865 A.2d at 873 *citing Commonwealth v. Ayala supra* 791 A.2d at 1207 *citing Commonwealth v. Turner supra* 772 A.2d at 972-73; and *Commonwealth v. Ryerson supra* 817 A.2d at 513-14 *quoting Commonwealth v. Johnson supra* 734 A.2d at 869.

### B. The court erred in permitting the Commonwealth to introduce evidence of a specific conviction (rape) to establish that Mr. Young was prohibited from possessing firearms since he offered to stipulate to his status as prohibited person and because the probative value of that evidence was outweighed by the danger of unfair prejudice.

Although Defendant Young suggests via this error assignment's initial language that he is maintaining on appeal the court wrongly and blithely allowed to his unfair prejudice the prosecution to introduce at trial evidence of his prior rape[11] conviction, the core of this contention is more aptly understood with the Defendant's subsequently stated rationale, " ... since [the defense] offered to stipulate to his status as prohibited person [*sic*] ... ." *See* Statement of Matters Complained, No. 2. In short, the Defendant is claiming this court erred by not compelling the Commonwealth to "accept" his proffered agreement that pursuant to 18 Pa.C.S. §6105 he was such a "prohibited person." This court under controlling Pennsylvania law and on the salient case record was neither mistaken in declining to direct that the prosecution acquiesce to the extended defense stipulation nor permitting on the tendered agreement's

---

[11] 18 Pa.C.S. §3121.

13

rejection the Commonwealth to present evidence of Defendant Young's disqualifying, past conviction. This appellate complaint is without merit.

The applicable review standard of a trial court's evidentiary ruling challenged on appeal is that below:

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. ...
>
> *Commonwealth v. Weakley*, 972 A.2d 1182, 1188 (Pa.Super. 2009) (quoting *Commonwealth v. Reid*, 571 Pa. 1, 811 A.2d 530, 550 (2002)). 'An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.' *Id.* at 1188–89 (citing *Commonwealth v. Carroll*, 936 A.2d 1148, 1152–53 (Pa.Super. 2007)).

*Commonwealth v. Antidormi*, 84 A.3d 736, 749-50 (Pa.Super. 2014).

In *Commonwealth v. Jemison*, the Supreme Court of Pennsylvania revisited the teachings of its thirty-two (32) year old opinion, *Commonwealth v. Stanley*, 498 Pa. 326, 446 A.2d 583 (1982), regarding the admission of a defendant's specified, previous criminal conviction in a person not to possess ... firearms[12] prosecution and decide more recently whether a proffered prohibited person defense stipulation should bar the Commonwealth from introducing a defendant's disqualifying prior conviction. *See Commonwealth v. Jemison*, 626 Pa. 489, 491-94, 98 A.3d 1254, 1255-58 (2014). The High Court in *Jemison* examined the balance between the purported unduly prejudicial nature of past conviction evidence against the admittance of the evidence under the precepts set forth via Pennsylvania Rule of Evidence 403 and the United States Supreme Court decision, *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644 (1997). *Id.* 626 Pa. at 496-501, 98 A.3d at 1258-61. *See also* Pa.R.E. 403 ("The court may exclude

---

[12] 18 Pa.C.S. §6105.

14

relevant evidence if its probative value is outweighed by a danger of ... unfair prejudice ... .").

Following such a comparative assessment, the Pennsylvania Supreme Court found as follows:

> Our General Assembly took considerable care to delineate the specific offenses that can support a conviction of the crime of persons not to possess firearms under § 6105, and *there is no question that the relevant specific enumerated offense is an essential element of that crime.* Given the text of the Pennsylvania statute, we cannot conclude, as the U.S. Supreme Court majority did in interpreting the federal statutory counterpart, that 'the name of the prior offense ... addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation' to an unspecified conviction. *Old Chief, supra* at 186, 117 S.Ct. 644. Thus under 18 Pa.C.S. §6105, one element of persons not to possess firearms is a prior conviction of a specific, enumerated offense, and this fact strongly supports the Commonwealth's view, as well as our precedent in *Stanley*, that the prosecution should not be required to accept a stipulation which acknowledges that a prior conviction satisfies the element, but does not name or identify the specific prior offense. ...
>
> We recognize that, pursuant to Pa.R.E. 403, relevant evidence may be excluded 'if its probative value is outweighed by a danger of ... unfair prejudice.' In a Comment to Rule 403, unfair prejudice is defined as 'a tendency to suggest decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially.' *We are unable to conclude that, in a § 6105 persons not to possess firearms case, a defendant suffers unfair prejudice merely by the admission into evidence of his or her certified conviction of a specific, identified, predicate offense, which has been offered by the Commonwealth to prove the prior conviction element of § 6105.*
>
> *Any possibility of unfair prejudice is greatly mitigated by the use of proper cautionary instructions to the jury, directing them to consider the defendant's prior offense only as evidence to establish the prior conviction element of the §6105 charge, not as evidence of the defendant's bad character or propensity to commit the crime.* Here, the trial judge appropriately instructed the jury twice regarding the proper use of the prior offense evidence, once immediately after the Commonwealth introduced the certified conviction, and again just before the jury began its deliberations. *We reiterate that here, as in so many other contexts, the jury is presumed to follow the court's instructions.*

15

> *See e.g. Commonwealth v. Tedford*, 598 Pa. 639, [700,] 960 A.2d
> 1, 37 (2008).

*Commonwealth v. Jemison supra* 626 Pa. at 501, 503-04, 98 A.3d at 1261, 1262-63. (Emphasis added.).

One (1) of the Defendant's lawyers, Glen Hoffman, Esquire,[13] advanced at the of-record *voir dire* conference held just prior to the jurors' selection that the defense was willing to agree to Defendant Young's prohibited person status[14] and relatedly objected in light of this tendered stipulation to his specific disqualifying rape conviction being made known to the jury arguing that the same was rendered without probative value given the proffered agreement. N.T. 3/15/17, p. 5.

Addressing these interwoven defense contentions, despite this defense objection, the court noted that the Pennsylvania Supreme Court unequivocally directed via *Commonwealth v. Jemison* that the prosecution could not be forced into an agreement that did not identify the disqualifying conviction and it would not direct in the matter at bar the Commonwealth to accept the same. N.T. 3/15/17, pp. 5-9. *See also Commonwealth v. Jemison supra.* While refusing to compel the prosecution to accept the Defendant's proffered stipulation, the court advised that the reference to Defendant Young's prior conviction would be limited to only the crime of rape[15] and not include that he was previously convicted of rape of a child[16] as the material section of the person not to possess statute[17] detailing the prohibiting enumerated offenses does not delineate between rape[18] and rape of a child.[19] N.T. 3/15/17, pp. 6, 8-9.

---

[13] Defendant Young at trial was jointly represented by Assistant Public Defenders David M. Iannucci, Esquire and Mr. Hoffman.

[14] 18 Pa.C.S. §6105(b).

[15] 18 Pa.C.S. §3121.

[16] 18 Pa.C.S. §3121(c).

[17] 18 Pa.C.S. §6105(b).

[18] 18 Pa.C.S. §3121.

[19] 18 Pa.C.S. §3121(c).

16

The court further instructed the attorneys that although the prosecution would be permitted to present evidence of the Defendant's particular disqualifying conviction, it intended per *Commonwealth v. Jemison supra* to provide the jury with requisite limiting and cautionary instructions, *inter alia*, directing " ... that the evidence of prior conviction has a very limited purpose, that being that the Commonwealth [is] trying to establish that necessary element of the crime with which Mr. Young is charged and for no other purposes. I will further go on to say they are not to view that evidence for any other reason including, but not limited to, evidence of the character and/or criminal propensities." N.T. 3/15/17, pp. 8-9.

Stemming from the court's decision relevant to the tendered stipulation of the defense, Attorney Iannucci requested that during *voir dire* the court inquire of the potential jurors their ability to impartially consider the evidence of the Defendant's prior rape[20] conviction. N.T. 3/15/17, pp. 9-10. In response, the court advised that via its standard *voir dire* instructions it intended to inform the *venire* that while the jurors were the exclusive finders of fact, the court was the sole arbiter of the case's law and the jury was to follow the law it instructed. Further, the court detailed it would during the *voir dire* direct its legal rulings were to be accepted, without question, and one (1) of these binding instructions of law would involve evidence being admitted for a certain purpose and the jury was to limit its consideration of any such evidence to solely that reason. Relatedly, the court relayed that it would request that any prospective juror who could not follow these instructions make themselves known. N.T. 3/15/17, pp. 10-11.

After this court's explanation of its anticipated *voir dire* instructions, questions, and recognition that jurors were presumed to abide by a court's legal instruction, Mr. Iannucci argued that as rape[21] was the underlying conviction in this matter it was necessary to have the jurors

---

[20] 18 Pa.C.S. §3121.

[21] *Id.*

17

know the same during their selection and then question the *venire* about any possible resultant bias. N.T. 3/15/17, pp. 11-18. *See also Commonwealth v. O'Hannon*, 557 Pa. 256, 262, 732 A.2d 1193, 1196 (1999) *citing Commonwealth v. LaCava*, 542 Pa. 160, 182, 666 A.2d 221, 231 (1995); *Commonwealth v. Brown*, 567 Pa. 272, 289, 786 A.2d 961, 971 (2001), *cert denied*, 537 U.S. 1187, 123 S.Ct. 135, 154 L.Ed.2d 1018 (2003) *citing Commonwealth v. Travers*, 564 Pa. 362, 768 A.2d 845 (2001) *citing Commonwealth v. Travaglia*, 541 Pa. 108, 661 A.2d 352 (1995); and *Commonwealth v. Spotz*, 587 Pa. 1, 57, 896 A.2d 1191, 1224 (2006) *quoting Commonwealth v. Brown supra* 567 Pa. at 289, 786 A.2d at 871 and *Commonwealth v. O'Hannon supra* 557 Pa. at 262, 732 A.2d at 1196. While the Commonwealth did not advance any objection to this defense application, it did note the Supreme Court of Pennsylvania in *Commonwealth v. Jemison supra* stressed the importance of the immediacy of the curative instruction following the past conviction being made known to the jury and the absence of the same in what Mr. Iannucci was asking of the court. N.T. 3/15/17, p. 19. Beyond the prosecution's reasoned concern, the court was also hesitant to advise the jury of the specific prior conviction as defense counsel had yet to discuss the matter with the Defendant and requested his lawyers to confer with him about the same. N.T. 3/15/17, pp. 15, 17-18, 19-22. As a solution to this ongoing defense concern, Mr. Hoffman proposed the inquiry be combined with a cautionary instruction detailing the limited purpose of the evidence with which this court concurred. N.T. 3/15/17, p. 22.

Immediately before the jury's selection, Mr. Iannucci advised the court that Defendant Young was in agreement with their application to ask the potential jurors about any possible partiality after being advised during *voir dire* of his past rape[22] conviction. N.T. 3/15/17, p. 36. In response to its request on how he would like the court to proceed, Mr. Iannucci offered that the court inquire of the prospective jurors whether they could be fair and impartial on learning of

---

[22] 18 Pa.C.S. §3121.

18

the Defendant's prior conviction, then immediately provide per a curative instruction to the panel that this information was only to be used for a specified, limited purpose, and finally ask the *venire* regarding their respective ability to follow this restricting direction. N.T. 3/15/17, pp. 36-37. With defense counsel's agreement, and absent prosecution objection, the court directed it would advise the jury of the rape[23] conviction and the admittance of such evidence for the sole purpose that " ... it's an element of a crime the Commonwealth must prove beyond a reasonable doubt and it must not be considered as evidence of bad character and/or criminal propensities." N.T. 3/15/17, pp. 38-39.

Stemming from the defense attorneys' request, the court during the general *voir dire* of the *venire* panel instructed the jury as follows:

> During the trial, ladies and gentlemen, I may as the sole Judge of the case's law allow evidence or testimony to be admitted for a specific or a limited purpose. I'll bring to your attention any such limitations or specific purposes along with the instruction that the jurors consider such evidence or testimony solely for the reasons I admitted it and for no other purposes. Is there anyone among you, ladies and gentlemen, who could not follow this legal principle, if so please stand. No one is standing. Ladies and gentlemen, as you know, and I've told you, Mr. Young is accused of possess, of person not to possess a firearm. For our purposes now, ladies and gentlemen, this allegation requires that the Commonwealth prove beyond a reasonable doubt two elements. One, that on the date in question Mr. Young, ... more than 60 days prior was a person prohibited by law from possessing and/or controlling a firearm. The prohibitive person requires that the Commonwealth prove beyond a reasonable doubt he has a prior disqualifying conviction. In this instance, ladies and gentlemen, the Commonwealth alleges that a prior disqualifying conviction is that of rape. Ladies and gentlemen, during the trial I will allow solely for purposes of the Commonwealth proving this one element of the crime, evidence of this prior conviction to be admitted. That being said you will also be instructed that it's the limited and sole purpose for which you are to consider any such evidence. I will [relatedly] instruct that this evidence of the past conviction must not be viewed by the jurors as evidence of Mr. Young having a bad character and/or

---

[23] 18 Pa.C.S. §3121.

criminal propensities from which the jury might be inclined to infer guilt. Ladies and gentlemen, is there anyone among you who could not follow these legal principles? If so please stand.[24]

N.T. 3/15/17, pp. 62-64.

During the course of trial, the Commonwealth entered, with defense agreement, a stipulation into evidence that read as follows:

> It is hereby stipulated and agreed between Christopher Boggs, Assistant District Attorney, and Glen Hoffman, counsel for the Defendant, that the following is true. If called to testify Angela Martinez, Esquire, Director of the Office of Judicial Support for Delaware County would testify that C-24 is a true and correct copy of the Defendant Michael Young's certified conviction for rape showing that the Defendant was sentenced on April 14, 2009.

N.T. 3/16/17, pp. 56-57. *See also* Commonwealth Exhibits C-24 – Certified Copy of Defendant Young's Certificate of Imposition of Judgment of Sentence, No. 2587-08 and C-27 – Stipulation.

Immediately following the presentation of this stipulation and the Defendant's certified criminal record, the court provided a cautionary directive per that below:

> Ladies and gentlemen, as I told you before there are exceptions to the general prohibition that statements of attorneys aren't evidence. Again this is one of those exceptions [an] agreement or stipulation. When the attorneys agree or stipulate that a certain fact or facts are true you're to accept such with no further proof necessary. By this stipulation, ladies and gentlemen, you've heard Mr. Young has a prior conviction for conduct which [he] is not now on trial. This evidence of Mr. Young's prior conviction was allowed only for the purposes of the Commonwealth tending to prove that he is a person prohibited by law from possessing or controlling a firearm, an element to the specific offense with which he is charged and as I will define for you in my concluding legal instructions. This evidence must not be considered binding in any other way than the purposes I've just stated. You must not regard this evidence of the past conviction as evidence that Mr. Young has bad character and or [*sic*] that Mr. Young has

---

[24] While nine (9) panel members stood in response to this inquiry and related instruction of the court, not one (1) of these individuals was selected to serve on the jury. N.T. 3/15/17, pp. 64, 120.

criminal propensities [from] which you might be inclined to infer guilt.

N.T. 3/16/17, pp. 57-58. *See also* Commonwealth Exhibits C-24 – Certified Copy of Defendant Young's Certificate of Imposition of Judgment of Sentence, No. 2587-08 and C-27 – Stipulation.

Likewise, this court during its final charge to the jury directed that this previous conviction evidence must not be considered as demonstrating Defendant Young had any propensity for criminality and/or that he in any way was of bad character, as well as the particular purpose for which it was allowed and that the jurors' consideration of the same was accordingly so limited:

> Ladies and gentlemen, you heard during trial testimony or via other evidence that tending to suggest that Mr. Young was previously convicted [of] rape, a crime for which he is not now on trial. This evidence is before you for the sole purpose of the prosecution attempting to prove that Mr. Young was a person prohibited by law from possessing and or [*sic*] controlling a firearm, an element of the offense with which he is charged and on trial and as I've defined the same for you. This evidence, ladies and gentlemen, must not be considered by you in any way other than the purpose I've just stated. You must not regard this evidence as showing that Mr. Young is a person of bad character from which you might be inclined to infer guilty.

N.T. 3/16/17, p. 154.

Further, relevant to these cautionary instructions this court repeatedly directed starting with the jury's selection, offered once more on the material evidence's presentation, and again at the trial's conclusion, "[a]bsent evidence to the contrary, the jury is presumed to have followed the trial court's instructions." *Commonwealth v. O'Hannon supra* 557 Pa. at 262, 732 A.2d at 1196 *citing Commonwealth v. LaCava supra* 542 Pa. at 182, 666 A.2d at 231; *Commonwealth v. Brown supra* 567 Pa. at 289, 786 A.2d at 971 *citing Commonwealth v. Travers supra citing Commonwealth v. Travaglia supra*; and *Commonwealth v. Spotz supra* 587 Pa. at 57, 896 A.2d at 1224 *quoting Commonwealth v. Brown supra* 567 Pa. at 289, 786 A.2d at 871 and

21

*Commonwealth v. O'Hannon supra* 557 Pa. at 262, 732 A.2d at 1196. *See also Commonwealth v. Jemison supra citing Commonwealth v. Tedford supra* 598 Pa. at 700, 960 A.2d at 37 ("We reiterate that here, as in so many other contexts, the jury is presumed to follow the court's instructions.").

The Supreme Court of Pennsylvania in *Commonwealth v. Jemison supra* refused to mandate that the Commonwealth when prosecuting a person not to possess ... firearms[25] allegation be compelled to acquiesce to a proffered defense, prohibited individual status stipulation, or barred at trial from presenting evidence of a defendant's specific, identified, predicate offense, but rather found that the trial court's timely use of limiting instructions was a sufficient guard against such evidence's probative value being outweighed by unfair prejudice. *Id.* 626 Pa. at 501, 503-04, 98 A.3d at 1261, 1262-63. As recounted above, and consistent with the alternative course of proceeding Defendant Young's counsel suggested on its refusal to mandate the Commonwealth accept the extended defense stipulation, this court starting with the selecting of the jury, again at trial on the evidence of the Defendant's previous conviction being presented, and once more during its final charge, reiterated to the jurors proper limiting and cautionary instructions. The jury is presumed to have followed this court's directions. *Commonwealth v. O'Hannon supra* 557 Pa. at 262, 732 A.2d at 1196 *citing Commonwealth v. LaCava supra* 542 Pa. at 182, 666 A.2d at 231; *Commonwealth v. Brown supra* 567 Pa. at 289, 786 A.2d at 971 *citing Commonwealth v. Travers supra citing Commonwealth v. Travaglia supra*; and *Commonwealth v. Spotz supra* 587 Pa. at 57, 896 A.2d at 1224 *quoting Commonwealth v. Brown supra* 567 Pa. at 289, 786 A.2d at 871 and *Commonwealth v. O'Hannon supra* 557 Pa. at 262, 732 A.2d at 1196. *See also Commonwealth v. Jemison supra citing Commonwealth v. Tedford supra* 598 Pa. at 700, 960 A.2d at 37.

---

[25] 18 Pa.C.S §6105.

In light of the foregoing, this court's decision cannot be seen on the instant record as an "overriding or misapplication of the law, or the exercise of judgment that [was] manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality." *Commonwealth v. Antidormi supra* 84 A.3d at 749-50 *quoting Commonwealth v. Weakley supra* 972 A.2d at 1188-89 *citing Commonwealth v. Carroll supra* 936 A.2d at 1152-53. This assignment of error is meritless.

### III. Conclusion

For all the above reasons, Defendant Young's sentencing judgment should be affirmed.

BY THE COURT:

_____
Kevin F. Kelly            J.